## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN HYNES and MICHELLE HYNES, h/w** : <br> 292 Highland Lane : <br> Bryn Mawr, PA 19010 : <br> v. : <br> **DELTA AIR LINES, INC.** : <br> 1030 Delta Boulevard : <br> Atlanta, GA 30354-1989 : | **CIVIL NO. 2:24-cv-5188** |

### COMPLAINT

Plaintiffs, **JOHN** and **MICHELLE HYNES**, h/w, aver as follows upon causes of action set forth below:

### Parties and Jurisdiction

1. **JOHN HYNES** ("**JOHN**") was at all relevant times a resident of Bryn Mawr, PA.

2. Michelle Hynes ("**MICHELLE**") is the spouse of John and also a resident of Bryn Mawr, PA.

3. Defendant DELTA AIR LINES, INC. ("**Delta**") is a for-profit foreign corporation incorporated under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia.

4. **Delta** was at all relevant times a common carrier in the business of transporting passengers for hire, and was issued a Foreign Air Carrier permit by the United States of America.

5. **Delta** was at all relevant times in the business of selling tickets for domestic and international carriage of passengers.

6. **Delta** was at all relevant times in the business of flying passengers between (1) Philadelphia, PA, (2) Minneapolis-St. Paul, MN, and (3) Spokane, WA.

11. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. Section 1332, in that Plaintiffs are citizens of Pennsylvania and Defendant is a corporate entity incorporated in Delaware and based in Atlanta, Georgia.

12. The amount in controversy exceeds, exclusive of interest and costs, the sum of $150,000.00.  Plaintiffs demand trial by jury pursuant to Fed.R.C.P. 38(b).

**Facts**

13. In 2023, **JOHN** purchased a round-trip ticket for a **Delta** flight from Philadelphia, PA to Spokane, WA, with a connecting flight in Minneapolis-St.Paul, MN.

14. JOHN purchased the flight directly from Delta.

15. On August 16, 2023, **JOHN** flew as a ticketed passenger on Delta Flight 236 from Philadelphia, PA to Minnesota-St. Paul, MN.

16. While en route to Minneaolis-St. Paul, a **Delta** flight attendant dropped a container of boiling hot water on **JOHN HYNES**.

12. As a result, **JOHN** suffered personal injuries and damages, including bums to his legs, scarring, emotional distress, lost time, medical expenses, and anticipated future medical expenses.

**COUNT I – JOHN HYNES v. DELTA AIR LINES, INC.**

13. JOHN HYNES incorporates all preceding paragraphs as though fully set forth below.

14. The Delta flight attendant spilling boiling water on JOHN HYNES'S person and his resulting injury took place on board the aircraft during Flight 236.

15. The Delta flight attendant spilling boiling water on **JOHN HYNES** constitutes an accident in that it was an unexpected or unusual event or happening external to the passenger, **JOHN HYNES**, and was a causal link to his injury.

16. Under the Montreal Convention 17.1, Delta is strictly liable to **JOHN HYNES** for all damages JOHN suffered up to and including 128,821.00 Special Drawing Rights (SDRs).

17. Delta is also liable to **JOHN** for any damages in excess of 128,821.00 SDRs.

18. As a common carrier, **Delta**—including its agents, servants, and employees— owed the highest duty of care to its passengers, including **JOHN**.

19. **Delta** was negligent in spilling coffee on **JOHN's** person.

20. **Delta's** negligent acts or omissions proximately caused **JOHN** to suffer personal injuries and damages.

21. Accordingly, pursuant to Article 21 of the Montreal Convention, **Delta** is also liable to **JOHN** for any damages in excess of 128,821.00 SDRs.

    **WHEREFORE**, **JOHN HYNES** respectfully requests a judgment against **Delta** in an amount that will fully and fairly compensate him for his damages, for the costs of this action, and for all other relief available under the law.

## COUNT II – MICHELLE HYNES v. DELTA AIRLINES

## LOSS OF CONSORTIUM

22. The averments contained in the preceding averments are incorporated herein and made a part hereof.

23. Plaintiff, **MICHELLE HYNES**, is the spouse of Plaintiff, **JOHN HYNES**, and as such has incurred expenses in the treatment of her spouse's injuries and may in the future be caused to incur additional expense as she has in the past.

24. As a result of the negligence and strict liability of Defendant the Plaintiff, **MICHELLE HYNES**, to her great damage and loss, has been deprived of the society, companionship, services and assistance of her spouse, to which she is legally entitled.

**WHEREFORE**, Plaintiff, **MICHELLE HYNES**, respectfully requests a judgment against Delta in an amount that will fully and fairly compensate him for his damages, for the costs of this action, and for all other relief available under the law.

**MEZROW & DAVIS**

**DATED: Sept. 27, 2024**     **BY:**     *Adam Davis*
                                          **ADAM C. DAVIS, ESQUIRE**
                                          **Attorney for Plaintiff**